HEATHER E. WILLIAMS, #122664
Federal Defender
PEGGY SASSO, Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California  93721-2226
Telephone: (559) 487-5561

Attorney for Defendant
MATTHEW FARON BLAIR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>MATTHEW FARON BLAIR,<br><br>*Defendant.* | Case No.  1:14-cr-0252 LJO<br><br>UNOPPOSED MOTION TO RESTORE COMPETENCY UNDER 18 U.S.C. § 4241(d); ORDER |

Mr. Blair currently has a pending Petition for Violation of the terms of his Supervised Release, which was filed on February 12, 2020.  Mr. Blair was arraigned on the Petition on March 31, 2020.  At the first status conference on May 5, 2020, Judge McAuliffe found Mr. Blair not competent to proceed under 18 U.S.C. § 4241(d).  The matter was put over for a month in light of the pandemic.  On June 5, 2020, the court held the second status conference in the matter, and defense counsel reported that nothing had substantively changed with respect to Mr. Blair's competency.  At the suggestion of Judge McAuliffe, the parties agreed to submit an unopposed motion to this Court for an order transporting Mr. Blair to a Bureau of Prisons Medical facility pursuant to § 4241(d).

By way of background, on June 26, 2017, Judge O'Neill sentenced Matthew Blair on one count of violating 18 U.S.C. § 111(a) and (b).  Prior to entering his guilty plea in the matter, Mr. Blair was sent to the Bureau of Prisons pursuant to 18 U.S.C. § 4241(d) on multiple occasions

between November 2014 and March 2016 for the purpose of restoring him to competency. According to the forensic evaluation done by the BOP on March 8, 2016, Mr. Blair was "diagnosed as suffering from schizoaffective disorder, bipolar type, multiple episodes, continuous; severe amphetamine-type use disorder, in a controlled environment; and antisocial personality disorder." PSR ¶ 88.  The BOP stabilized Mr. Blair with a regime of Thorazine (100 milligrams), Prozac (10 milligrams) and Ativan (2 milligrams), and he was then able to proceed to a change of plea hearing in May 2017. *Id*.

On September 4, 2018, the Ninth Circuit remanded for re-sentencing and the undersigned met with Mr. Blair for the first time at Fresno County Jail on October 4, 2018.  Mr. Blair was disconnected from reality and unable to have a meaningful conversation with counsel.  Mr. Blair was not taking his psychiatric medications.  Defense counsel made arrangements for Mr. Blair to meet with Dr. Claudia Cerda, a licensed clinical psychologist, on October 9, 2018, to assess if anything could be done that would not require sending Mr. Blair back to a BOP medical facility.  Mr. Blair refused to leave his cell to meet with Dr. Cerda.  Defense counsel attempted to meet with Mr. Blair on October 10, 2018, however, he again refused to leave his cell.

On October 11, 2018, Judge O'Neill signed defense counsel's unopposed motion to transport Mr. Blair to a Bureau of Prisons medical facility for restoration of competency pursuant to 18 U.S.C. § 4241(d).  Having been restored to competency, Mr. Blair was returned to our district in June 2019.  Between June 2019 and February 2020, Mr. Blair worked with Fresno Behavioral Health, among other mental health providers, and was the inaugural participant in the Eastern District's Fresno mental health court.

Between February 2020 and today, however, Mr. Blair has not been on his medication, and has decompensated to the point where he is once again no longer competent.  Mr. Blair has repeatedly refused to come out of cell to speak with counsel, and, at his hearing on May 5, 2020, Mr. Blair was not coherent and quite agitated, prompting Judge McAuliffe to find him incompetent to proceed under § 4241(d).

Based on the foregoing, and the extensive medical records that are part of the record in this case and are hereby incorporated, there is a preponderance of evidence that Mr. Blair is

presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the consequences of the proceedings against him or to assist properly in his defense at re-sentencing.

Pursuant to 18 U.S.C. § 4241(d)(1), defense counsel files this unopposed requesting that the Court commit the defendant to the custody of the Attorney General, who shall hospitalize him for treatment in a suitable facility for a reasonable period of time, not to exceed four months, in order to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit him to proceed to re-sentencing.

At the end of the four month period, and no later than November 16, 2020, a member of the staff of the facility to which the defendant has been committed for treatment shall submit to the Court and the parties a report as to whether there is a substantial probability that in the foreseeable future Mr. Blair will attain the capacity to permit the proceedings to go forward.

HEATHER E. WILLIAMS
Federal Defender

DATED: June 5, 2020          By:     */s/ Peggy Sasso*
                                     PEGGY SASSO
                                     Assistant Federal Defender
                                     Attorney for Defendant
                                     MATTHEW FARON BLAIR

**O R D E R**

IT IS SO ORDERED.

Dated:  **June 5, 2020**

_____
UNITED STATES DISTRICT JUDGE